UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BLUE BEAR FUNDING , LLC, INC., | ) ) | Case No.  05-31300 ABC<br>Chapter 11 |
| | ) | |
| Debtor. | ) | |

UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
MOTIONS TO USE CASH COLLATERAL AND FOR POSTPETITION BORROWING

The United States Trustee as his objection to the Debtor's Motions to Use Cash Collateral and for Postpetition Borrowing states and alleges as follows:

1. The Debtor was organized for the stated purpose of providing factoring services to small businesses that would not qualify for factoring agreements with traditional "institutional" factors.  The Debtor borrowed approximately $20 million from a number of investors who were solicited through thirteen "independent factoring companies," ("IFCs").

2. The IFCs were set up by the Debtor as an attempt to avoid various state and federal securities regulatory requirements.  The IFCs are affiliates of the Debtor against whom the Debtor may have substantial claims.

3. Much of the capital that was raised was either diverted to inappropriate investments or used to pay earlier investors.  The Debtor may therefore have become a "fraudulent" scheme even if it was commenced as a legitimate business.

4. To date, the Debtor has been unable to substantiate the actual dollar volume of its legitimate factoring accounts to the United States Trustee's Office.  The Debtor's actual need for working capital is therefore unknown.

5. It is imprudent and irresponsible to have the Debtor borrow more funds to perpetuate a business which may have little, if any, prospect of reorganization much less rehabilitation. It is similarly imprudent and irresponsible to allow the Debtor to continue to use cash collateral unless and until it can substantiate that it can actually operate with positive cash flow.  Any negative cash flow injures the investors' already nebulous prospects of realizing a dividend from this case.

WHEREFORE the United States Trustee prays that this Honorable Court deny the cash collateral and borrowing motions at bar, without prejudice, and grant him such other and further relief as may seem just and proper under the circumstances.

Dated: October 3, 2005.

Respectfully submitted,

CHARLES E. McVAY
United States Trustee


/s/ Leo M. Weiss
By: Leo M. Weiss, #15294
Trial Attorney for the United States Trustee
999 18th Street, Suite 1551
Denver, CO 80202
(303) 312-7230
(303) 312-7259 fax
Leo.M.Weiss@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTIONS TO USE CASH COLLATERAL AND FOR POSTPETITION BORROWING was mailed, postage prepaid, at the date set forth below to the following individuals.

Dated: October 3, 2005.

Doug Jessop, Esq.
Alice White, Esq.
303 E. 17th Ave., #930
Denver, CO 80203

Risa Wolf-Smith, Esq.
555 17th St., #3200
Denver, CO 80202

Blue Bear Funding, LLC
501 Main St.
Windsor, CO 80550

                                             s/ Cora Bogans
                                             Office of the United States Trustee