**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE: BLUE BEAR FUNDING LLC, f/k/a 1st American Factoring, LLC, a Colorado limited liability company,<br><br>    Debtor.<br>_____<br><br>SILVER MOUNTAIN FINANCIAL, LLC, a Wyoming limited liability company,<br><br>    Movant,<br><br>vs.<br><br>BLUE BEAR FUNDING, LLC,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 05-31300 ABC<br>    Chapter 11 |

## REQUEST THAT THE COURT SET A DEADLINE FOR ACCEPTING OR REJECTING EXECUTORY AGREEMENTS

   COMES NOW, Silver Mountain Financial, LLC, Movant, by Counsel, Ken McCartney, of The Law Offices of Ken McCartney, P.C., and Algirdas M. Liepas, of Algirdas M. Liepas, P.C., and respectfully requests that this Court set a deadline for accepting or rejecting executory agreements.

   In support thereof be advised:

   1.  The Debtor is basically a flow through factoring servicing agent.  Debtor raises money from various investors such as the Movant.  Debtor then purchases accounts receivable from various clients using the monies it has raised from investors such as the Movant.  As part of the transaction, the accounts are conveyed outright to the investors, including the Movant.  In consideration for finding investors with money and clients with purchasable accounts the Debtor receives a portion of the

"interest" paid by the client for the use of funds provided by the investors.

3. Star Ryder Energy, LLC, is an oil well operating company that needed funds oil fracture and re-complete two producing oil and gas wells. It approached, or was approached by, the Debtor's agents concerning funding the project. A deal was struck.

3. The Debtor then approached Movant for funds with which to meet Star Ryder Energy LLC's request for funding of the fracturing and re-completion costs on the two oil wells. Movant paid over to the Debtor by various means including wire transfers, sums in excess of $660,000.00, thus fully funding Star Ryder Energy LLC's capital requests.

4. In this instance the client, Star Ryder Energy, LLC, only received eighty percent (80%) of the funds requested and the Debtor held back the remainder. From this remaining twenty percent (20%) of the funding requested by Star Ryder Energy, LLC, Debtor debits and receives on behalf of the Movant the total amount of interest due from Star Ryder Energy, LLC, as compensation to Movant for the financing provided. From this payment, the Debtor is entitled to only twenty-five percent (25%) as consideration for its servicing the transaction between Movant and Star Ryder Energy, LLC and the balances, namely seventy-five percent (75%) is to be paid to Movant for the use of its capital. The Debtor should be, as part of this executory arrangement, forwarding earned fees and returned principal to Movant. The Debtor has failed to do this and has been misappropriating funds and property belonging to Movant and in which it has no proprietary interest and breaching its fiduciary duty to Movant.

In the alternative, the foregoing described amounts clearly constitute cash collateral under the Bankruptcy Code and the Debtor is required to segregate and account for these funds as such. The Debtor is not doing this. Each month of the Chapter 11 process Star Ryder Energy, LLC has repaid principal and interest from well production which the Debtor should be forwarding to the Movant. The Debtor is not forwarding those amounts to Movant, nor

is it properly segregating and accounting for these amounts as cash collateral. Upon final repayment of one hundred percent (100%) of the debt, Star Ryder Energy, LLC, will be refunded the balance of the hold back less all actual monthly fees earned for the use of the funds. It is unclear from the Debtor's records and Chapter 11 Monthly Reports whether or not this twenty-five percent (25%) hold back is segregated and being properly treated as cash collateral.

5. Through this process the Debtor earns a fee for its services equal to twenty-five percent (25%) of charged fees and the Movant earns seventy-five percent (75%) of charged fees. The Debtor for its service and client procurement, the Movant for the use of its capital.

6. There were two such well funding arrangements in effect with Star Ryder Energy, LLC, when the Debtor filed for Chapter 11 relief:

   a. The Movant on two advances, advanced a total of $346,500.00 to purchase the right to receive repayment by Star Ryder Energy, LLC, the operator of oil well NC4 or amounts advanced for fracturing and re-completion costs on that well.

   b. The Movant in four advances, advanced a total of $320,249.64 to purchase from the same entity, Star Ryder Energy, LLC, the right to repayment thereof for work over efforts on the ElmH2 Codell Well.

7. The Debtor, to facilitate this transaction used a standard Factoring and Security Agreement forms, copies of the agreements between the Debtor and Star Ryder Energy, LLC, is attached hereto as Exhibit A. The Debtor then outright conveyed to Movant all of its right, title, and interest in these accounts.

8. By its clear terms the Movant purchased from Star Ryder Energy, LLC, the repayment obligation. *See*, Exhibits B1 and B2 hereto, Bills of Sale from the Debtor to the Movant. Furthermore, Star Ryder Energy, LLC, gave the Debtor a security interest in all its other receivables to further provide for repayment of the amounts due Movant.

9. The Debtor is apparently using the Movant's property to finance day-to-day operations.

10. Assumption of these executory contracts requires curing defaults and adequate assurance of future performance. Protections that should not be withheld from the Movant, especially in light of the Debtor's egregious conduct regarding the cash collateral.

WHEREFORE, the Movant requests this Court mandate assumption or rejection of the parties' agreement within ten (10) days of the Court's consideration of this Request or on such date as the Court shall set after hearing on the motion.

DATED this 28th day of February, 2006.

RESPECTFULLY SUBMITTED FOR
SILVER MOUNTAIN FINANCIAL, LLC,

By: \s\ Ken McCartney
KEN McCARTNEY, 27097
Law Offices of Ken McCartney, P.C.
Post Office Box 1364
Cheyenne, Wyoming  82003
307/635-0555
307/635-0585 (facsimile)

By: \s\ Algirdas M. Liepas
ALGIRDAS M. LIEPAS, 15414
Algirdas M. Liepas, P.C.
419 Canyon Avenue, Suite 300
Fort Collins, CO 80521
970/493-3359
970-407-9390 (facsimile)