IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| BLUE BEAR FUNDING LLC, | ) Case No. 05-31300 ABC |
| f/k/a 1st American    Factoring, LLC, | ) |
| a Colorado limited liability company, | ) Chapter 11 |
| | ) |
| EIN:  20063205 | ) |
| | ) |
| Debtor. | ) |

**OBJECTION TO PLAN OF REORGANIZATION
BY DAVID KARST AND NATIONWIDE CASH FLOW SPECIALISTS**

COMES NOW David Karst and Nationwide Cash Flow Specialists and for Objection to of Reorganization, by and through counsel, states:

1. This objection is authorized and filed by persons with an interest under 11 USC§ 1125 in the pending Plan of reorganization by David Karst and Nationwide Cash Flow Specialists, ("NCFS).

2. The hearing is preset for August 2, 3, 4, 2006. Counsel requests one hour on August 2, 2006 to present testimony of his expert witness and to file demonstrative exhibits herein. The expert witness is Meyer Saltzman, CPA, whose curriculum vitae and 4-year prior court appearance log are attached as *Exhibits A & B* respectively.

3. The leading objection is that the Plan lacks "adequate information," (11 USC § 1125(a)(1)), as a matter of fact and law because the accounting method utilized by the debtor and presented in the Plan, substantially distorts the actual business operations of the Debtor.. This defect in the Plan is not only formal but, also, substantial and substantive. As a result, the data is skewed to make it appear that the actual monthly cash revenue is collected by the debtor on its factoring accounts which is not factual. Revenues are actually earned through a "Reserve" book adjustment and cash revenues are only generated as the factoring accounts are collected. In addition litigation against a host of creditors, owners, and interested persons is required when no such conclusion is necessary. .

Here are some of the tenants that support this conclusion:

A. The business of the debtor requires the establishment and maintenance of a  "Reserve" account which is specifically related to the face amount of the factored account which is purchased by the debtor.  The factored accounts should represent the total of the actual investment in the account and the "Reserve" account.  The Plan as submitted by the debtor shows the factored accounts at the investment cost without the "Reserve".  The "Reserve" is

completely omitted from the Plan. These omissions substantially distort the projected plan balance sheets, income statements, and cash flows to the debtor and is deceptive.

   B. The debtor is required to book the accounts purchased at face value, not at cost plus the "Reserve". The client/customer of the Debtor is charged fees for the account(s) purchased, which are booked against the "Reserve". This transaction generates no cash flow for the Debtor. The only cash flow generated by the Debtor is when the account at face value is collected. At the point the account is collected if any "Reserve" remains it is refunded to the client/customer or if the "Reserve" is a deficit it is billed to the client/customer.

   C. In reviewing the Plan of the Debtor the factored accounts, after write-offs to the bad debt allowance, start growing during February 2007 and continue to grow through December 2010. The only payoff proceeds are reflected in January 2007. This is impossible based on the real business plan of the Debtor substantially distorts the Plan as presented and is deceptive.

   D. In order to accomplish the factual business plan of the Debtor substantial capital must be invested to maintain the business operations between the time the accounts are purchased and the accounts are colleted. This critical item is not presented in the Plan of the Debtor.

   E. . A credit worthy borrower today can borrow at prime rate which stands at 8.25%. We believe the Debtor would not qualify as a credit worthy borrower. The Plan at page 42 utilizes a 12% discount rate "as indicative of the alternative investments adjusted for the nature of the investment risk attributable to Debtor' 'to reduce the future value of Reorganized Blue Bear to current dollars'". Based on the above it is our opinion that the 8.5% interest rate indicated in the plan is not obtainable and as such the Plan will not be successful.

  4. The accounting Plan presentation of the debtor is impossible to afford any one "adequate information," if it was actually used by Blue Bear in its operations.

  5. Additional specific examples of accounting errors in the Plan will be reviewed by Mr. Saltzman for the Court.

  6. The treatment of NCFS as a creditor is unfair also.

  WHEREFORE, because of the structured impossibility to provide any "adequate information" due to defective and deceptive accounting practices, the Plan must be rejected.

   Dated this 28nd day of July, 2006.

             Respectfully Submitted,

             DECLAN JOSEPH O'DONNELL, PC

By: /s/ Declan J. O'Donnell_____
Declan J. O'Donnell, #4412
777 Fifth Street
Castle Rock, CO 80104
Telephone:   (303) 688-1193
Facsimile:   (303) 633-8595
Email:       djopc@qwest.net

Attorney for David Karst and
Nationwide Cash Flow Specialists, LLC

## Certificate of Mailing

I hereby certify that a true and correct copy of the foregoing Objection to Plan of Reorganization by David Karst and Nationwide Cash Flow Specialists, LLC was served by depositing same in the United States mail, first class postage pre-paid, on the 28th day of July, 2006, addressed to the following:

Risa Wolf-Smith, Esq.
Holland and Hart LLP
555 17th Ave., Ste. 903
Denver, CO 80203

Douglas W. Jessop, Esq.
Alice A. White, Esq.
Jessop & Company, P.C.
303 E. 17th Ave, Suite 930
Denver, CO 80203

Office of the United States Trustee
999 18th St., Ste 1551
Denver, CO 80202

*/s/Renee Gorman*